# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SONYA M. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 11-00196-KD-N |
| | ) |
| MOBILE INFIRMARY MEDICAL | ) |
| CENTER and ANGELA LAURENCE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the court on plaintiff Sonya M. Sanders' motion to amend wherein Sanders seeks leave of court to amend her complaint to add a cause of action against the defendants under 42 U.S.C. § 1981 (doc. 18). Defendants Mobile Infirmary Medical Center (MIMC) and Angela Laurence argue that the amendment would be futile and therefore, the motion should be denied (doc. 22). Upon consideration and for the reasons set forth herein, the motion to amend is GRANTED.

In Sanders' proposed second amended complaint, she adds Count Two against MIMC for race discrimination and retaliation under 42 U.S.C. § 1981. The statute is captioned "Equal rights under the law" and sets forth, in relevant part, as follows:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

The Federal Rules state that ". . . a party may amend its pleading only with the opposing

party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). MIMC did not consent to the motion but instead has objected to the amendment on basis that the amendment is futile. Thus, the Court must determine whether justice requires granting Sanders leave to amend her answer.

Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, or futility, leave to amend should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). In *Foman*, the Supreme Court has explained that leave should be given "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief." *Foman*, 371 U.S. at 182. Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001). Also, the federal rules favor allowing amendments. *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

When a motion for leave to amend a complaint should be denied on basis of futility, the Eleventh Circuit has explained that

> A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss. . . . A complaint must be dismissed if it fails to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In determining whether a complaint states a claim for relief, the reviewing court must "accept[ ] the factual allegations in the complaint as true and construe[ ] them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

*Christman v. Walsh,* 2011 WL 721302, 2-3 (11th Cir. 2011).

The Eleventh Circuit has also explained "that § 1981, unlike Title VII, is directed exclusively toward racial discrimination and, as a result, the plaintiff's claim must allege discrimination due to race." *Tucker v. Talladega City Schools*, 171 Fed.Appx. 289, 295 (11th Cir. 2006). Thus, in order to state a plausible claim, Sanders must allege sufficient facts, which this court must accept as true and construe in the light most favorable to her, from which the court could "draw the reasonable inference that" MIMC is liable for discrimination and retaliation based on race.

MIMC argues that Sanders' claim for disparate treatment under § 1981 is futile because she "fails to allege that any other employees in a non-protected class were accused of committing the same misconduct as she - - - tampering with medication while a patient in the hospital - - - and were treated differently." (doc. 22, p. 2). MIMC argues that Sanders has not sufficiently alleged the existence of comparators who are substantially similar in all relevant aspects including the alleged misconduct.[1]

MIMC argues that Sanders' other "factual allegations . . . make clear that Plaintiff is alleging she was terminated based on the accusation that she tampered with a pain medication pump." MIMC argues that new factual allegations - that the pain pump held a controlled

---

[1] Also, in *Smith v. Lockheed-Martin Corp.*, - - - F. 3d - - - , 2011 WL 2567777, *4 (11th Cir. June 30, 2011), a case involving a discriminatory discipline claim, the Eleventh Circuit Court of Appeals reiterated that "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case."

3

substance, that Laurence reported the incident to Sanders' doctor, and that MIMC used Sanders' medical records to assist in employment decisions - do not elevate her claim to a plausible level because these actions may have been legal.

The Eleventh Circuit has explained that "[t]o determine whether employees are similarly situated in a case involving discriminatory discipline, we evaluate whether the employees were accused of the same or similar misconduct and were disciplined differently. . . . We require that the quantity and quality of the comparator's misconduct be nearly identical to the disciplined employee's misconduct. Misconduct merely similar to the misconduct of the disciplined plaintiff is insufficient." *Floyd v. Federal Exp. Corp.*, 2011 WL 1490721, 5 (11th Cir. April 19, 2011) (slip copy) (internal quotations and citations omitted) (addressing Floyd's claim of disparate treatment under § 1981). Here, Sanders does not specifically allege that other individuals outside her protected class were not terminated due to tampering with medication while a patient at MIMC. Instead Sanders alleges that

> 21. Upon information and belief, other individuals outside the Plaintiff's protected class, black and female, have not been terminated due to their medical treatment at the hospital.

(*Id.*, ¶ 21).

By her own factual allegations, obtaining medical treatment at MIMC was not the basis for termination. Sanders alleges that she was terminated because of false allegations of tampering with a pain pump and for reporting MIMC to the Board of Pharmacy (*Id.*, ¶ 16-20). Thus, a relevant comparator would be an individual outside her protected class who engaged in similar misconduct but was treated more favorably. However, viewing the factual allegations in the proposed amended complaint as a whole, accepting them as true, and raising all inferences in Sanders favor, the Court finds that Sanders has sufficiently plead a claim for relief against MIMC under § 1981 that is plausible on its face. Although Sanders may not have worded

4

paragraph 21 in the most skillful manner, an overall reading of the proposed amended complaint shows that her focus is upon other individuals outside her protected class who were not terminated for similar misconduct.

MIMC also argues that some of these new factual allegations - that the pain pump held a controlled substance, that Laurence reported the incident to Sanders' doctor, and that MIMC used Sanders' medical records to assist in employment decisions - could be lawful conduct. That may be true, but at the initial pleading stage, Sanders has raised sufficient factual allegations which must be taken as true and construed in her favor, to plausibly give rise to a claim for relief against these defendants.

DONE and ORDERED this the 28th day of July, 2011.

> **/s/ Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**